UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN EPHRAIM, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 7164 |
| | ) | |
| vs. | ) | Judge Lefkow |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, | ) | Magistrate Judge Denlow |
| and CHICAGO POLICE OFFICER | ) | |
| J. DURAN, Star No. 6515, and | ) | |
| CHICAGO POLICE OFFICER | ) | |
| M. L. FREGOSO, Star No. 19498, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND
TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by its attorney Mara S. Georges, Corporation

Counsel of the City of Chicago, submits its Answer, Defenses and Jury Demand to Plaintiff's

Complaint as follows:

**JURISDICTION and VENUE**

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation
under color of law of Plaintiffs' [sic] rights as secured by the United States Constitution.

**ANSWER:** The City admits that plaintiff has brought this action pursuant to 42 U.S.C. § 1983 to

redress the alleged deprivation under color of law of plaintiff's rights as secured by the U.S.

Constitution.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph 1.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and
1367.

**ANSWER:** The City admits the allegations in paragraph 2.


3.      Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff resides in this judicial district.  The City admits the remaining allegations in paragraph 3.


## PARTIES

4.      At all times relevant hereto, Plaintiff Gwendolyn Ephraim was a 46 year-old female resident of Chicago, Illinois.

**ANSWER:**  The City admits, upon information and belief, based on documents in the City's possession, that plaintiff was born in 1960.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.


5.      At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:** The City admits that the defendant officers were employed by the City of Chicago as police officers at all times relevant to the Complaint.  The City admits, upon information and belief, based on Chicago Police Department documents, that the defendant officers were acting under the color of the law and within the scope of their employment at all times relevant to the Complaint.


6.      Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** That City admits that it is a municipal corporation incorporated under the laws of the State of Illinois. The City further admits that it employees the defendant officers. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6.

## FACTUAL ALLEGATIONS

7.      On or about December 26, 2006, Plaintiff was a passenger in a vehicle at or near 338 N. Central Ave. in Chicago, Illinois.

**ANSWER:** The City admits, upon information and belief, based on Chicago Police Department documents, that plaintiff was in the area of 338 N. Central Ave., in Chicago, Illinois on December 26, 2006. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8.      At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      At this time, one or more Defendant Officers forcefully and unlawfully arrested and unconstitutionally searched Plaintiff and proceeded to handcuff Plaintiff and place her in a police vehicle.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      At this time, and all times relevant hereto, Defendant Officers did not have a search or an arrest warrant for Plaintiff and did not have probable cause to believe that Plaintiff had committed a crime.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

     11.     Following the unconstitutional search and seizure, Plaintiff was arrested and taken to the 25th District Chicago Police Station where she was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402C [sic].

**ANSWER:** The City admits, upon information and belief, based on Chicago Police Department documents, that plaintiff was arrested on December 26, 2006, and was charged with possession of a controlled substance in violation of 720 ILCS 570/402(c). The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

     12.     Plaintiff remained in custody until January 16, 2007, when this charge was dismissed for a finding of no probable cause.

**ANSWER:** The City admits, on information and belief, based on documents in the City's possession, the allegations in paragraph 12.

### Count I - 42 U.S.C. § 1983 False Arrest

     13.     Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** The City incorporates by reference its answers to paragraphs 1 through 12 of plaintiff's Complaint as though fully set forth herein.

     14.     On December 26, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. These seizures and arrests were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched her without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.     As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.     As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.     As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16(h).  The City denies the remaining allegations in paragraph 16, including its subparts.

17.    The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

## Count II - False Imprisonment

18.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**  The City incorporates by reference its answers to paragraphs 1 through 12 of

plaintiff's Complaint as though fully set forth herein.


     19.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:** The City admits the allegations in paragraph 19.


     20.     On December 26, 2006, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 20.


     21.     Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**  The City denies the allegations in paragraph 21 to the extent they pertain to the City.

The City is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 21.


     22.     The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** The City denies the allegations in paragraph 22 to the extent they pertain to the City.

The City is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 22.

## Count III-Malicious Prosecution

23.     Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**  The City incorporates by reference its answers to paragraphs 1 through 12 of

plaintiff's Complaint as though fully set forth herein.


24.     Defendant Officers initiated and continued judicial proceedings against Plaintiff
by intentionally making knowingly false statements in police reports and causing false testimony
to be presented to a Cook County judge at the preliminary hearing. This false and malicious
conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled
Substance.

**ANSWER:**  The City admits, upon information and belief, based on documents in the City's

possession, that plaintiff was charged by complaint with possession of a controlled substance in

violation of 720 ILCS 570/402(c).  The City is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 24.


25.     Defendant Officers instituted the judicial proceedings against Plaintiff with malice
and with willful and wanton disregard for the truth.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 25.


26.     Defendant Officers brought said false charges and continued the prosecution of
such false charges in order to cover up their own illegal conduct.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 26.


27.     On January 16, 2007 Plaintiff's case was dismissed after a finding of no probable
cause.

**ANSWER:**  The City admits, upon information and belief, based on documents in the City's

possession, the allegations in paragraph 27.


28.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 28.


## Count IV -  Intentional Infliction of Emotional Distress

29.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**  The City incorporates by reference its answers to paragraphs 1 through 12 of

plaintiff's Complaint as though fully set forth herein.


30.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** The City admits the allegations in paragraph 30.


31.    Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 31.


32.    Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause her severe emotional distress and mental anguish.

**ANSWER:** The City denies the allegations in paragraph 32 to the extent they pertain to the City.

The City is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 32.


33.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff
suffered extensive damages, including but not limited to severe emotional harm, legal and other
out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 31.


### Count V-State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

34.     Plaintiff re-alleges paragraphs 1 through 12 as if fully re-pleaded herein.

**ANSWER:** The City incorporates by reference its answers to paragraphs 1 through 12 of

plaintiff's Complaint as though fully set forth herein.


35.     Illinois law provides that public entities, such as Defendant City, are directed to
pay any compensatory damages on a tort judgment against an employee who was acting within
the scope of his or her employment.

**ANSWER:** The City states that the allegations in paragraph 35 are vague, incomplete and/or an

inaccurate statement of Illinois statutory and common law regarding municipal indemnification,

and, therefore, the allegations in paragraph 35 are denied.


36.     At all relevant times, Defendant Officers were agents of Defendant City and
employees of the Chicago Police Department acting within the scope of their employment.
Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant
Officers.

**ANSWER:** The City admits, upon information and belief, based on Chicago Police Department documents, that defendants Duran and Fregoso were acting within the scope of their employment when they arrested plaintiff on or about December 26, 2006. The City states that the allegations in paragraph 36 are vague, incomplete and/or an inaccurate statement of Illinois statutory and common law regarding municipal indemnification, and, therefore, the allegations in paragraph 36 regarding municipal indemnification are denied. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36.

WHEREFORE, the City prays that this Court enter judgment in its favor on plaintiff's Complaint, award the City costs and fees allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.     The City is not liable to plaintiff if its employees or agents are not liable to plaintiff. See 745 ILCS 10/2-109 (2006).

2.     To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. See 745 ILCS 10/2-202 (2006).

3.     The City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4.     To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on

the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

5.      To the extent plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

6.       Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment.  See Wright v. City of Danville, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

7.      Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

### JURY DEMAND

The City of Chicago requests a trial by jury.

Respectfully Submitted,

MARA S. GEORGES
Corporation Counsel of the
City of Chicago

BY:      *s/ Joseph F. Graham*
JOSEPH F. GRAHAM
Ashley Kosztya
Assistants Corporation Counsel

Employment and Policy Litigation Division
30 N. LaSalle Street, Suite 1020
Chicago, IL 60602
(312)744-5126/744-9332

-12-