## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN EPHRAIM, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 7164 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, | ) | Magistrate Judge Denlow |
| and CHICAGO POLICE OFFICER J. DURAN, | ) | |
| Star No. 6515, and CHICAGO POLICE OFFICER | ) | |
| M. L. FREGOSO, Star No. 19498, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT OFFICERS' ANSWER, DEFENSES, AND JURY DEMAND
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Officer Juan Duran and Officer Maria Fregoso (collectively, the "Defendant

Officers"), through their attorney, Mara S. Georges, Corporation Counsel of the City of Chicago,

by Marc J. Boxerman, Senior Counsel, state for their Answers and Defenses to Plaintiff's

Complaint as follows:

### JURISDICTION and VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation
        under color of law of Plaintiffs' [sic] rights as secured by the United States
        Constitution.

**ANSWER:**      Defendant Officers admit that Plaintiff has brought this action pursuant to

42 U.S.C. § 1983 to redress the alleged deprivation under color of law of Plaintiff's rights as

secured by the United States Constitution.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and
        1367.

**ANSWER:**      Defendant Officers admit the allegations contained in Paragraph 2.

3.      Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial

district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:**    Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff resides in this judicial district. Defendant Officers admit the remaining allegations contained in Paragraph 3.

## PARTIES

4.    At all times relevant hereto, Plaintiff Gwendolyn Ephraim was a 46 year-old female resident of Chicago, Illinois.

**ANSWER:**    Defendant Officers admit upon information and belief that Gwendolyn Ephraim was born in 1960. Defendant Officers further admit that Ms. Ephraim represented to them that she resided in the City of Chicago, Illinois. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5.    At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 5.

6.    Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 6.

## FACTUAL ALLEGATIONS

7.    On or about December 26, 2006, Plaintiff was a passenger in a vehicle at or near 338 N. Central Ave. in Chicago, Illinois.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 7.

8.    At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of

2

Chicago.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 8.

9.    At this time, one or more Defendant Officers forcefully and unlawfully arrested and unconstitutionally searched Plaintiff and proceeded to handcuff Plaintiff and place her in a police vehicle.

**ANSWER:**    Defendant Officers admit that they arrested Plaintiff, searched Plaintiff,

handcuffed Plaintiff, and placed her in a police car.  Defendant Officers deny the remaining

allegations contained in Paragraph 9.

10.    At this time, and all times relevant hereto, Defendant Officers did not have a search or an arrest warrant for Plaintiff and did not have probable cause to believe that Plaintiff had committed a crime.

**ANSWER:**    Defendant Officers admit that they did not have a search or arrest warrant

for Plaintiff.  Defendant Officers deny the remaining allegations contained in Paragraph 10.

11.    Following the unconstitutional search and seizure, Plaintiff was arrested and taken to the 25th District Chicago Police Station where she was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402C [sic].

**ANSWER:**    Defendant Officers admit that Plaintiff was arrested and charged with

possession of a controlled substance in violation of 720 ILCS 570/402(c).  Defendant Officers

further admit that at some point Plaintiff was taken to the 25th District Chicago Police Station.

Defendant Officers deny the remaining allegations contained in Paragraph 11.

12.    Plaintiff remained in custody until January 16, 2007, when this charge was dismissed for a finding of no probable cause.

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 12.

## Count 1 – 42 U.S.C. § 1983 False Arrest

13.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**    Defendant Officers restate their answers for Paragraphs 1 through 12 as

3

their answer to Paragraph 13.

14.    On December 26, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. These seizures and arrests were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 14.

15.    Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched her without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:**    Defendant Officers admit they acted in their official capacity as law

enforcement officers, under color of state law, and within the scope of their employment.

Defendant Officers deny the remaining allegations contained in Paragraph 15.

16.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

4

     d.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

     e.     The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

     f.     As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

     g.     As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

     h.     The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

    **ANSWER:**    Defendant Officers deny any misconduct. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and its sub-parts.

    17.    The acts committed by Defendant Officers were done maliciously,willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

    **ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 17.

    WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

    **ANSWER:**    Defendant Officers deny that Plaintiff is entitled to the relief requested.

## Count II – False Imprisonment

18.     Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**    Defendant Officers restate their answers for Paragraphs 1 through 12 as their answer to Paragraph 18.

19.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title [sic] 28, United States Code §1367.

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 19.

20.     On December 26, 2006, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Defendant Officers admit Plaintiff was seized and detained without a warrant.  Defendant Officers deny the remaining allegations contained in Paragraph 20.

21.     Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 21.

22.     The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 22.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

**ANSWER:**    Defendant Officers deny that Plaintiff is entitled to the relief requested.

6

## Count III – Malicious Prosecution

23.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**    Defendant Officers restate their answers for Paragraphs 1 through 12 as

their answer to Paragraph 23.

24.    Defendant Officers initiated and continued judicial proceedings against Plaintiff
by intentionally making knowingly false statements in police reports and causing
false testimony to be presented to a Cook County judge at the preliminary
hearing. This false and malicious conduct resulted in Plaintiff being charged with
and prosecuted for Possession of a Controlled Substance.

**ANSWER:**    Defendant Officers admit that Plaintiff was charged and prosecuted for

possession of a controlled substance.  Defendant Officers deny the remaining allegations

contained in Paragraph 24.

25.    Defendant Officers instituted the judicial proceedings against Plaintiff with
malice and with willful and wanton disregard for the truth.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 25.

26.    Defendant Officers brought said false charges and continued the prosecution of
such false charges in order to cover up their own illegal conduct.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 26.

27.    On January 16, 2007 Plaintiff's case was dismissed after a finding of no probable
cause.

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 27.

28.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff
has suffered extensive damages, including but not limited to: severe emotional
harm, legal and other out-of-pocket costs and other damages which will be proven
at trial.

**ANSWER:**    Defendant Officers deny any illegal and malicious conduct.  Defendant

Officers are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 28.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

**ANSWER:**    Defendant Officers deny that Plaintiff is entitled to the relief requested.

### Count IV – Intentional Infliction of Emotional Distress

29.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**    Defendant Officers restate their answers for Paragraphs 1 through 12 as their answer to Paragraph 29.

30.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title [sic] 28, United States Code §1367.

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 30.

31.    Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 31.

32.    Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause her severe emotional distress and mental anguish.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 32.

33.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    Defendant Officers deny any illegal and malicious conduct.  Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks costs and

reasonable attorney fees, and all such other relief as this Court finds just and equitable.

> **ANSWER:**    Defendant Officers deny that Plaintiff is entitled to the relief requested.

### Count V – State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

34.    Plaintiff re-alleges paragraphs 1 through 12 as if fully re-pleaded herein.

> **ANSWER:**    Defendant Officers give no answer to Paragraph 34 because Count V is

not directed against them.

35.    Illinois law provides that public entities, such as Defendant City, are directed to
pay any compensatory damages on a tort judgment against an employee who was
acting within the scope of his or her employment.

> **ANSWER:**    Defendant Officers give no answer to Paragraph 35 because Count V is

not directed against them.

36.    At all relevant times, Defendant Officers were agents of Defendant City and
employees of the Chicago Police Department acting within the scope of their
employment.  Defendant City, therefore, is liable as principal for all torts
committed by its agents, Defendant Officers.

> **ANSWER:**    Defendant Officers give no answer to Paragraph 36 because Count V is

not directed against them.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount
sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks costs and
reasonable attorney fees, and all such other relief as this Court finds just and equitable.

> **ANSWER:**    Defendant Officers give no answer because Count V is not directed

against them.

### AFFIRMATIVE DEFENSES

1.    Regarding Plaintiff's state law claims, to the extent any employee or agent of

Defendant City of Chicago was acting within the scope of his or her employment, that employee

9

or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct.  745 ILCS 10/2-202 (2006).

      2.      Regarding Plaintiff's state law claims, Defendant Officers are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'"  *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

      3.      Regarding Plaintiff's state law claims, Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201 (2006).

      4.      Defendant Officers are entitled to qualified immunity.  Defendant Officers are government officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and information that Defendant Officers possessed.  Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

      5.      Regarding Plaintiff's state law claims, Plaintiff cannot establish willful and wanton misconduct on the part of Defendant Officers.  Therefore Defendant Officers are immune from suit.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202 (2006).

      6.      Regarding Plaintiff's state law claims, Defendants are not liable for any injury caused by the acts or omissions of another person.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204 (2006).

7.      Regarding Plaintiff's state law claims, to the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows,* 167 Ill.2d 41, 656 N.E.2d 768 (Ill. 1995).

8.      Under Illinois Tort Immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause.  745 ILCS 10/2-208 (2006).

9.      Defendant Officers' use of force was reasonable and justifiable under the circumstances.   A peace officer is justified in the use of any force which he reasonably believes to be necessary to effect the arrest and of any force which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest.  720 ILCS 5/7-5 (2006).

10.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

11.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree

of fault attributed to Plaintiff by the jury in this cause.

12.    Defendants are absolutely immune for any testimony they may have given in a criminal case related to this lawsuit. *Briscoe v. LaHue*, 460 U.S. 325 (1983).

## JURY DEMAND

Officers Juan Duran and Maria Fregoso request trial by jury.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
 of the City of Chicago

By:    s/Marc J. Boxerman
MARC J. BOXERMAN
Senior Counsel

Marc J. Boxerman
30 N. La Salle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-7684
(312) 744-6566 (Fax)
mboxerman@cityofchicago.org
Atty. No. 06215790

12

## <u>CERTIFICATE OF SERVICE</u>

I, Marc J. Boxerman, an attorney, hereby certify that I have caused a true and correct copy of the above **Notice of Filing** and **Defendants Officers' Answer, Defenses, and Jury Demand to Plaintiff's Complaint** to be sent via e-filing to the persons named below, each a "Filing User" pursuant to Case Management/Electronic Case Files, on March 26, 2008, in accordance with the rules governing the electronic filing of documents.


s/ Marc J. Boxerman
MARC J. BOXERMAN


Persons served:

Jeffrey B. Granich
Katie Z. Ehrmin
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd., Suite 840
Chicago, IL 60604

Joseph Graham
City of Chicago Department of Law
30 N. La Salle Street, Suite 1020
Chicago, IL 60602